**Jagroop SINGH, Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–74715.

Agency No. A75–260–633.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 12, 2005.

Jagroop Singh, Sacramento, CA, Pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; and Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Jagroop Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings based on changed circumstances. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003). We grant the petition for review.

The BIA abused its discretion in denying Singh's motion to reopen because his

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

evidence is sufficient to establish prima facie eligibility for asylum and withholding of removal. *See Malty v. Ashcroft,* 381 F.3d 942, 947 (9th Cir.2004) (facts in support of motion to reopen must be accepted as true unless inherently unbelievable); *Hernandez–Ortiz v. INS,* 777 F.2d 509, 513 (9th Cir.1985) (prima facie eligibility established when evidence, if true, would satisfy requirements for relief).

According to Singh, the police twice arrested and beat him, and threatened his life, because he and his family assisted a pro-Khalistan political group. His brother was killed by police for his political activity, and his father, mother and wife have been arrested and mistreated. The police are again interested in his whereabouts and threaten to "not spare" him if he returns.

Taking these facts as true, there is no question Singh demonstrates a "reasonable likelihood" of establishing past persecution, a well-founded fear of future persecution, and a clear probability of future persecution, on account of political opinion. *See Ordonez,* 345 F.3d at 785 (petitioner need not demonstrate conclusively his eligibility for relief to prevail in a motion to reopen). Accordingly, we grant the petition for review and remand to the BIA with instructions to reopen proceedings. *See Malty,* 381 F.3d at 948.

PETITION FOR REVIEW GRANTED; REMANDED with instructions.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.